7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Duke NORRIS, Petitioner-Appellant,
v.
Robert D. HANNIGAN and the Attorney General of the State of
Kansas, Respondents-Appellees.
 No. 92-3424.
 United States Court of Appeals, Tenth Circuit.
 Oct. 7, 1993.
 
 Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,** District Judge.
 ORDER AND JUDGMENT[1]
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Duke Norris, an inmate in the custody of the State of Kansas representing himself, appeals from the district court's order denying habeas relief and dismissing his petition filed under 28 U.S.C. 2254. We exercise jurisdiction under 28 U.S.C. 2253.
 
 
 3
 Petitioner was convicted in July 1987 of murder and aggravated robbery. He was sentenced to a term of life imprisonment on the murder conviction and a term of not less than five nor more than twenty years' imprisonment on the aggravated burglary conviction, to run consecutively with the life term. Petitioner's convictions were affirmed on direct appeal.
 
 
 4
 Petitioner then filed this habeas petition. He raises five issues on appeal: (1) the trial court erred when it failed to suppress his statements to law enforcement officers; (2) the trial court erred in instructing the jury; (3) the trial court erred when it admitted evidence of identification and comparison of shoeprints; (4) the prosecutor's closing remarks were prejudicial; and (5) the trial court erred when it failed to allow defense counsel's review of the victim's psychiatric records.
 
 
 5
 Based on our independent review of the record on appeal, we agree with the district court that petitioner is not entitled to relief on his first four issues. The district court thoroughly discussed each of these issues in its Memorandum and Order, dated November 17, 1992, and we adopt its reasoning on these issues.
 
 
 6
 We remand, however, on petitioner's fifth issue. The trial court reviewed the victim's psychiatric records in camera and, upon deciding that they were not relevant to petitioner's defense, placed them under seal. Respondents were ordered to produce all records and transcripts relevant to this habeas petition, which should have included these psychiatric records. Doc. 4, Order to Show Cause, par. 3. These sealed psychiatric records are not in the record on appeal, however, and it is not apparent from the district court's November 17 order that it reviewed them before determining that the trial court's decision to disallow their inspection by defense counsel did not render petitioner's trial fundamentally unfair. We therefore cannot affirm the district court on this issue.
 
 
 7
 The judgment of the United States District Court for the District of Kansas is AFFIRMED in part, REVERSED in part, and REMANDED for additional proceedings so that the district court may review the psychiatric records (which review may be accomplished in camera if necessary). Following that review, the district court should once again rule upon the petitioner's argument that his trial was rendered fundamentally unfair because his defense counsel was not allowed to review them prior to trial.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3